UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT BUSHONG,

    Plaintiff,

  v.

PARAMOUNT EQUITY MORTGAGE, INC.; INTERNATIONAL FIDELITY INSURANCE CO.; U.S. BANK, N.A., as trustee for CSFB Home Equity Asset Trust 2007-1; LITTON LOAN SERVICING LP; SAFECO INSURANCE COMPANY OF AMERICA; TICOR TITLE COMPANY OF OREGON; and MERRILL LYNCH MORTGAGE LENDING, INC.

    Defendants.

ORDER

Civil No. 09-1080-AC

HAGGERTY, District Judge:

    Magistrate Judge Acosta referred to this court a Findings and Recommendation [78] in this matter. Magistrate Judge Acosta recommends granting in part and denying in part defendants' Motions to Dismiss or Strike First Amended Complaint [38 and 51] without prejudice and with leave for plaintiff to amend. Plaintiff and defendants filed timely objections to the Findings and Recommendation. For the following reasons, this court adopts the Findings and Recommendation.

1  - ORDER

## STANDARDS

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## BACKGROUND

On September 13, 2006, plaintiff Robert Bushong entered into two loans (First Loan and Second Loan) to refinance debt secured against his residence at 2740 15th Place, Forest Grove, Oregon. Findings and Recommendation at 2. Ownit Morgage Solutions (Ownit) originated both loans. Plaintiff gave Ownit two assignable deeds of trust in exchange for the loans. Plaintiff contends that during the closing of the loans, Ownit failed to deliver copies of the Truth in Lending Act (TILA) disclosures and two copies of properly executed Notices of Rights to Cancel as required by 12 C.F.R. § 226.15(b)(5). *Id.*

After closing, Ownit assigned the First Loan to defendant U.S. Bank and the Second Loan to Litton and/or defendant Merrill Lynch Mortgage Lending, Inc. On June 1, 2009, plaintiff defaulted on the First Loan leading to foreclosure proceedings. On September 4, 2009, plaintiff mailed U.S. Bank, Litton, and Merrill Lynch a letter rescinding both loans. Plaintiff filed this lawsuit on September 10, 2009, claiming that he is entitled to rescission, damages, and attorney fees. *Id.* at 3.

Defendant U.S. Bank moved to dismiss plaintiff's claim for rescission pursuant to 15 U.S.C. § 1635. *Id.* at 7. Defendant U.S. Bank argues that to prevail on a rescission claim under

this provision, plaintiff must plead the ability to tender back the loan proceeds that he received as part of the refinance.

Plaintiff's entitlement to an award of fees and statutory damages is also disputed. Plaintiff claims a TILA violation can trigger an award of attorney fees and statutory damages from an assignee even if the TILA violations are not apparent on the face of the loan documents.

The Magistrate Judge found that plaintiff's claim against U.S. Bank is not barred under TILA for failure to plead the ability to tender. *Id.* at 9. Additionally, the Magistrate Judge concluded that plaintiff's claim for attorney fees and statutory damages should be dismissed because TILA limits assignee liability to violations apparent on the face of the disclosure statement. *Id*. at 14-15.

## DISCUSSION

### 1. Ability to Tender Back the Loan Proceeds

Under the TILA, consumers can rescind a consumer credit transaction in which a security interest is retained on the consumer's home. If the creditor fails to deliver the disclosure and rescission forms or fails to provide the required information, the right to rescind extends for three years after the completion of the transaction. 15 U.S.C. § 1635(a). Plaintiff properly submitted his demand for rescission prior to the expiration of this three-year period.

The procedure governing rescission of a loan under TILA is set forth in § 1635(b), which provides that:

> [w]ithin 20 days after receipt or a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor

shall tender the property to the creditor, except if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

Section 1635(b) does not state whether the ability to tender is a pleading requirement for a rescission claim. In *Yamamoto v. Bank of New York*, the Ninth Circuit held that in applying the TILA, "a trial judge has the discretion to condition rescission on tender by the borrower of the property he had received from the lender." 329 F.3d 1167, 1171 (9th Cir. 2003).

The Magistrate Judge correctly noted that "a number of district courts have extended *Yamamoto* to hold that a claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds." Findings and Recommendation at 8.

The Magistrate Judge adopted reasoning provided in case authorities rejecting this interpretation of the tender back pleading requirement. *See, e.g., Singh v. Wash. Milt. Bank,* No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. 2009). The Magistrate Judge noted that the statute does not contain a pleading requirement, and that requiring a TILA plaintiff to plead the ability to return the proceeds of the disputed loan would undermine TILA's stated protective purposes and deprive those whom the statute sought to help from being protected. Findings and Recommendation at 9.

In their objections to this conclusion, defendants cite recent cases from the District of Oregon dismissing TILA rescission claims for failure to plead a plaintiff's ability to tender loan proceeds. Additionally, defendants argue that the language in § 1635(b) requires a plaintiff to plead an ability to tender proceeds. Defendants contend that the Magistrate Judge's inference that plaintiff will be able to tender back by selling the property or refinancing at another time does not meet this requirement.

4 - ORDER

Defendants acknowledge a split in authorities exists within this district regarding this issue. They contend that the Magistrate Judge erred by resolving this split in a manner contrary to defendants' interests. In sum, defendants argue that the Magistrate Judge erred in finding that pleading the ability to tender back is not mandatory.

After reviewing the record *de novo*, this court concludes that the Findings and Recommendation properly resolved these arguments. As noted, in *Yamamoto*, the Ninth Circuit held that a district court may alter the rescission procedures set out in TILA and may condition rescission on tender by the borrower. 329 F.3d at 1171 (internal quotation marks and citation omitted). Whether and how to exercise this discretion "depends upon the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies [TILA] and the remedial-penal nature of the private enforcement provisions of [TILA]." *Id*. (internal quotation marks and citation omitted).

The split within the Ninth Circuit whether to require a plaintiff to plead the present ability to tender the loan proceeds to survive a motion to dismiss is evident. *See Kakogui v. Amer. Brokers Conduit*, No. C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (listing decisions reflecting the split).

The Magistrate Judge in this case endorsed what has been recognized elsewhere as the "most workable practice" – to interpret *Yamamoto* as not precluding a rescission claim that lacks a plaintiff's assertion that he or she is capable of tendering loan proceeds at the pleading stage. *Botelho v. U.S. Bank, N.A.*, 692 F. Supp. 2d 1174, 1181 (N.D. Cal. 2010). The *Botelho* court reasoned that *Yamamoto* was decided at the summary judgment stage, which permitted the district court to consider evidence regarding the plaintiff's ability to tender the amount owed. *Id*. at 1180. In denying a motion to dismiss, the court noted the difficulty in determining the

5  - ORDER

propriety "on the bare pleadings whether to require a given plaintiff to allege an extra element of a claim in order to proceed any further with his or her suit." *Id*. at 1181.

This court agrees with the Magistrate Judge's reasoning, and adopts the conclusion that *Yamamoto* does not sanction dismissal at the pleading stage for failure to allege ability to tender. In so adopting, this court also acknowledges that considerations regarding the adequacy of the pleadings in this respect may "come into play in the summary judgment context." *Botelho*, 692 F. Supp. 2d at 1181 n.3.

### 2. Attorney Fees and Statutory Damages

The Magistrate Judge concluded that the imposition of attorney fees and damages upon assignees for TILA violations that were not evident on the face of the loan document was improper. Findings and Recommendation at 15. The Magistrate Judge reached this conclusion by interpreting 15 U.S.C. §§ 1635, 1640, and 1641.

Section 1635's "Right of rescission as to certain transactions" provides:

(a) Disclosure of obligor's right to rescind: The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

Under 15 U.S.C. § 1640(a)(3), creditors who fail to comply with the requirements of section 1635 are liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ."

15 U.S.C. § 1640(b) provides:

A creditor or assignee has no liability under this section for any failure to comply with any requirement under this part or part E of this subchapter, if within sixty days after discovering an error . . . the creditor or assignee notifies the person concerned of the error. . . .

6  - ORDER

> 15 U.S.C. § 1640(c) provides:
>
> A creditor or assignee may not be held liable in any action brought under this section or section 1635 of this title for a violation of this subchapter if the creditor or assignee shows by a preponderance of evidence that the violation was not intentional and resulted from a bonafide error.
>
> 15 U.S.C. § 1641, "Liability of assignees" provides:
>
> (a) Prerequisites: Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter . . . which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement. . . .

The Magistrate Judge noted that district courts have reached varying conclusions regarding attorney fees and statutory damages. Findings and Recommendation at 12. Some courts have found that Congress intended § 1640's remedies to apply to all creditors and assignees under TILA, while other courts have limited assignee liability to violations that are found on the face of the disclosure statement. Findings and Recommendation at 13.

First, the Magistrate Judge considered the reasoning of a leading decision that supports a broad definition of assignee liability. *Id*. (citing *Fairbanks Capital Corp. v. Jenkins*, 225 F. Supp. 2d. 910 (N.D. Ill. 2002)). In *Fairbanks*, the court concluded that taking § 1640 as a whole demonstrated Congress's intent to apply § 1640's remedies to any creditor or assignee who violates TILA, and that there was no hard line between creditors and assignees under TILA. 225 F. Supp. 2d at 916-17.

However, other courts have recognized that assignee liability is limited to violations that appear on the face of the disclosure statement. In *Brodo v. Bankers Trust Co.*, the court recognized that §1641(a) limited liability in this manner because "Congress did not wish to impose liability for damages and attorney's fees on an assignee who was not responsible for and

7 - ORDER

who has no notice of TILA disclosure violations at the time of assignment." 847 F. Supp. 353, 359 (E.D. Pa. 1994).

Here, the Magistrate Judge agreed with the *Brodo* ruling, concluding that limited liability on assignees was proper. Citing the Congressional legislative history discussed in *Taylor v. Quality Hundai Inc.*, 150 F.3d 689, 693 (7th Cir. 1998), the Magistrate Judge noted Congress enacted §§ 1641(a) and (e) in an effort to narrow assignee liability. Findings and Recommendation at 14. Additionally, the Magistrate Judge disagreed with the *Fairbanks* court, reasoning that if Congress intended § 1640's remedies to apply to assignees it could have referred to them explicitly. *Id.*

Plaintiff argues that §§ 1640(b) and (c) create defenses to the liability of both creditors and assignees without distinguishing between the potential bases of liability for creditors or assignees. However, the Findings and Recommendation noted that § 1640(a) makes reference only to creditors. Findings and Recommendation at 14. The fact that §§ 1640 (b) and (c) do not distinguish between creditors and assignees does not mean that assignees are subject to liability under § 1640.

Plaintiff's objection to the Magistrate Judge's reliance upon the legislative history cited in *Taylor* is overruled. The Senate Report cited in *Taylor* clarifies that assignees are liable only where a disclosure is inaccurate or incomplete based on the statement or other documents involved, and where incorrect terminology is used on the face of the disclosure statement. *See* S. REP. No. 96-368 at 32-33 (1980). The Magistrate Judge appropriately considered this legislative history and the *Fairbanks* decision.

Plaintiff's final objection is that TILA is a consumer protection statute that must be interpreted liberally, and so to effectuate its purposes, attorney fees must be an available remedy.

8   - ORDER

The Magistrate Judge did not err in concluding that imposing damages on assignees would create "an impermissible end run around the obvious congressional purpose that underlies the Section 1641(a) enactment of a statutory equivalent to a bonafide purchaser rule." Findings and Recommendation at 14 (quoting *Walker v. Gateway Fin. Corp.,* 286 F. Supp. 2d 965 (N.D. Ill. 2003)).

Moreover, the Findings and Recommendation's conclusions are consistent with a number of well-reasoned decisions throughout the country. *See, e.g., In re Lindquist*, Bankr. No. 08-22324, 2010 WL 3636141, at *5 (Bkrtcy. D. Kan. September 9, 2010) (§ 1641(a) provides that a civil action for violation of "this subchapter" ( §§ 1601 through 1667f) may be maintained against an assignee only if the violation is apparent on the face of the disclosure statement, unless the assignment was involuntary); *Sherzer v. Homestar Mortg. Serv.*, Civil No. 07-5040, 2010 WL 1947042, at *12 (E.D. Pa. May 7, 2010) (TILA does not provide for statutory damages or attorney fees against an assignee); *Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 840 (E.D. Mich. 2010) (an assignee of a creditor may be liable under TILA, but only where the underling TILA violation is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter and the assignment to the assignee was voluntary); *Hudson v. Bank of America, N.A.*, Action No. 3:09-CV-462, 2010 WL 2365588, at *3 (E.D. Va. June 11, 2010) (Where a TILA violation is evident on the face of the disclosure statement, an assignee may be liable for damages under § 1640 similar to a creditor's liability). In light of the Magistrate Judge's careful analysis of case law, legislative history, and the logical construction of the statutes, plaintiff's objections are overruled.

The parties did not file objections to other portions of the Findings and Recommendation. Accordingly, the court need only satisfy itself that there is no clear error on the face of the record

9   - ORDER

with respect to these portions of the Findings and Recommendation. *Campbell v. United States Dist. Ct.*, 501 F.2d 196 (9th Cir. 1974). The court is satisfied that no clear error appears on the face of the record with respect to any other portions of the Findings and Recommendation.

The Findings and Recommendation is well-reasoned and without error. This court adopts the Findings and Recommendation in its entirety.

## CONCLUSION

Proposed *amici* (the National Association of Consumer Advocates, the Oregon Trial Lawyers Association, and Our Oregon) filed an Application to File *Amicus* Brief [104]. This court denies that motion as untimely. The proposed *amici* should have referred this matter to the Magistrate Judge before the issuance of the proposed Findings and Recommendation. This court declines to permit parties to file amicus briefs in support or in opposition of a Findings and Recommendation. Nevertheless, after assuming without deciding that such briefing might be proper, this court considered the summary of the arguments the *amici* proposed filing. Those summaries did not alter this court's analysis and conclusions.

For the foregoing reasons, the court adopts the Findings and Recommendation [78]. Defendants' Motions to Dismiss or Strike First Amended Complaint [38] and [51] are granted in part and denied in part with leave for plaintiff to amend.

IT IS SO ORDERED.

DATED this  6   day of October, 2010.

       /s/ Ancer L. Haggerty       
Ancer L. Haggerty
United States District Judge

11 - ORDER